STATE OF MISSOURI, Respondent, v. JOHN B. HATFIELD, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Statutory Construction: PLEA OF FORMER CONVICTION. Section 708, Revised Statutes 1889, makes no distinction so far as the punishment is concerned between billiard and pool tables, the keeping of any number of which constitutes but one offense under section 714, on a prosecution for which a plea of former conviction will be sustained.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*W. A. Dudley* for appellant.

The keeping of the billiard and pool tables at the same time and place by defendant constituted but one offense, and the same could not be legally split and made the basis of two prosecutions. R. S. 1889, secs. 708, 709, 714.

*J. W. Powell* for respondent.

One can not lawfully conduct a pool table under a billiard table license, nor *vice versa*. The cost of the license is fixed by the statute—for a pool table $10, and for a billiard table $20, for twelve months. R. S. 1889, sec. 709.

He must have a license for each and every table he keeps. R. S. 1889, sec. 709.

A license to keep one table will not permit him to keep two, and if he does so, he is guilty under the statute. R. S. 1889, sec. 714.

In pleading a former conviction in bar, the conviction must have been for the same act and crime in law as well as in fact. Kelly's Crim. Law [2 Ed.], sec. 233.

BIGGS, J.—The statute provides that the county court shall have power "to license the keepers of billiard tables, pigeon hole tables, Jenny Lind tables, and all other tables kept and used for gaming, upon which balls and cues are used." (R. S. 1889, sec. 708.) The license tax for each billiard table is $20, and for each other table mentioned it is $10. (Sec. 709.) The following section prescribes the penalty for failure to take such license. (Sec. 714.) "Every person who shall keep or permit to be kept or used any *one* or *more* of the tables mentioned in section 708, without having a license therefor, shall forfeit and pay not less than fifty nor more than four hundred dollars for the use of the state, to be recovered by indictment or information."

The defendant was charged upon information with the violation of the foregoing section in that he kept and maintained a pool table on the twenty-ninth day of July, 1896, without taking out a license therefor. The defense was a former conviction. The cause was submitted on an agreed statement of facts, which is substantially as follows: On the twenty-ninth day of July, 1896, the defendant was engaged in keeping for use and hire one billiard table and one pool table at his place of business in Elsberry, in Lincoln county.

STATUTORY construction: plea of former conviction.

The defendant had no license for either table. He was duly convicted and fined for keeping the billiard table on the day above mentioned and at the place mentioned. The conviction was had on the twentieth of August, 1896. Subsequently, to wit, on

the fourteenth day of September, 1896, the present information was filed, in which the defendant was charged with keeping the pool table. It is averred in the information that the defendant kept the pool table on the same day (to wit, July 29, 1896) and at the same place that he kept the billiard table for which he had been formerly convicted. In the judgment of the circuit court the plea of former conviction was not made out, and the fine against the defendant was assessed at $50. The defendant has appealed. The question presented involves the construction of section 714, *supra*, of the statute. The contention of the appellant is that "he was guilty of but one offense in keeping two tables of the kind mentioned in section 708, Revised Statutes, the law making no distinction, so far as the punishment is concerned, between billiard and pool tables, or one table or two tables, simply providing that if he kept 'one or more' (which means any number) he should forfeit the prescribed penalty. In this instance the appellant kept two tables which corresponds with the word 'more' of the statute and the only penalty prescribed therefor by the statute is the forfeiture of not less than fifty nor more than four hundred dollars. This seems to be the only reasonable interpretation of section 714. Any other construction would require the court to read into the statute the further provision that the defendant should forfeit the prescribed penalty for *each* table he shall keep, something which the legislature might easily have said had it intended to so fix the penalty, but clearly has not done so."

The foregoing views are well expressed, and we concur in them. It may be added that the statute is penal and must be strictly construed. Another consideration in support of the construction contended for is the wide difference between the maximum and mini-

mum limit of the fine, the object of which was to give juries and courts the power of graduating the penalty according to the nature of the offense.

In our opinion the plea of former conviction ought to have been sustained. Therefore the judgment will be reversed and the defendant discharged. All the judges concur.